UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No. 4:11CV2219 CDP |
| | ) |
| AUTO HANDLING CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

Robert Johnson was injured while securing automobiles on a truck[1] for his employer Jack Cooper Transport Company. He sued Cottrell, the manufacturer of the truck and its rachet system, and Auto Handling Corporation,[2] the company which serviced the truck, for strict liability, negligence, and tort claims in state court. Johnson's employer is not a party to this action. The case proceeded in state court from May 6, 2010 until it was removed to this Court by Cottrell on December 21, 2011 on the basis of federal question jurisdiction. See 28 U.S.C. § 1331. Because Johnson was a member of a union at the time of his accident and because that union was a party to a collective bargaining agreement with Jack Cooper, Cottrell argues that Johnson's claims against it and AHC are completely preempted

---

[1] Johnson alleges he was injured by the truck's ratchet tie down system.

[2] AHC is a subsidiary corporation of Jack Cooper.

by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 141 et seq. This is so, Cottrell argues, because Johnson's alleged injuries stem from defendants' conduct in relation to an area covered by the CBA, namely, the equipment and equipment maintenance Jack Cooper provided for its employees. I disagree, and conclude that the claims are not preempted. Because Johnson's claims do not arise under federal law, I will grant Johnson's motion for remand to state court.

## Discussion

Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(b). If the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As the party invoking jurisdiction, defendant has the burden of establishing that prerequisites to jurisdiction have been satisfied. Id. To determine whether removal was proper, the court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be

apparent from the face of the plaintiff's properly pleaded complaint, rather than from any defenses asserted by the defendant. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." Aetna Health, Inc. v. Davila, 542 U.S. 200, 207 (2004) (internal quotation marks and citation omitted).

The defendants have alleged federal jurisdiction on removal based upon Section 301 of the LMRA, which states that federal law governs "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The Supreme Court has held that federal law exclusively governs suits for breach of a CBA, and thus, § 301 of the LMRA applies with preemptive force. United Steelworkers v. Rawson, 495 U.S. 362, 369 (1990). Section 301 preempts state law claims that are "substantially dependent upon analysis" of a CBA, Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985), because "the application of state law . . . might lead to inconsistent results since there could be as many state-law principles as there are States . . . ." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 406 (1988); see also Williams v. National Football League, 582 F.3d 863, 874 (8th Cir. 2009).

To decide whether a claim is completely preempted, the Court begins with

the "claim itself" and applies a two-step approach to determine if the claim is sufficiently "independent" to survive § 301 preemption. Williams, 582 F.3d at 874 (internal citation omitted). First, a state law claim is preempted if it is "based on" a provision of the CBA, meaning that "the CBA provision is at issue" and "it actually sets forth the right upon which the claim is based." Id. Second, § 301 preemption applies where a state law claim "is dependent upon an analysis of the relevant CBA," meaning that the resolution of plaintiff's state law claim requires interpretation of a provision of the CBA. Id. However, section 301 does not preempt state law claims merely because the parties involved are subject to a CBA and the events underlying the claim occurred on the job. See Lueck, 471 U.S. at 211 ("Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 . . . ."); see also Graham v. Contract Transp., Inc., 220 F.3d 910, 913 (8th Cir. 2000) (providing that "a claim is not preempted simply because it relates to a dispute in the workplace").

In this case, the adjudication of Johnson's claims does not require interpretation of the CBA between Johnson's union and Jack Cooper. Although the CBA specifies the equipment that Jack Cooper is obligated to provide to Johnson, Cottrell is not a party to the CBA and therefore has no duties under the

- 4 -

agreement.  AHC is not Johnson's employer, either, nor is it a party to the CBA, despite its attempts to argue that it should be treated as Jack Cooper even though it is a separate corporation.  Moreover, Cottrell is not subject to any restrictions imposed by the CBA in the way that it designs and manufactures equipment.  Simply put, the terms of the CBA between Johnson's union and Jack Cooper have nothing to do with resolving the issues presented by this case, namely, whether Cottrell satisfied its state-law duties to provide a reasonably safe product and whether AHC satisfied its state-law duties in connection with the maintenance of the trucks.  These duties exist independent of the CBA, and Johnson's claims are not dependent upon an interpretation of the CBA just because Jack Cooper may have been required to provide equipment and truck maintenance under its terms.  Instead, the claims focus on duties owed any member of the public as a matter of state law, and the terms of the CBA have nothing to do with resolving those issues.  A claim is not completely preempted by Section 301 of the LMRA if it simply "relates in some way to a provision of the collective-bargaining agreement, or more generally to the parties to such an agreement."  Lueck, 471 U.S. at 220.  Because subject-matter jurisdiction is lacking, this case will be remanded to state

court.[3]

Finally, defendants' arguments regarding the inapplicability of the removal statutes have no application where, as here, there is no preempted LMRA claim, so I need not consider them further. I have also considered Johnson's request for attorneys' fees and costs incurred in connection with bringing the motion to remand. 28 U.S.C. § 1447(c) permits a district court, in its discretion, to award costs and attorneys' fees upon remand. Although a close question, I will deny the award of fees and costs because I find that defendants at least arguably had an objectively reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (award of fees turns on reasonableness of removal); see also Lovins-Kapler v. Teva Pharmaceuticals, USA, Inc., 2012 WL 208321, *5 (W.D. Mo. Jan. 24, 2012) (fees and costs denied for questionable removal to prevent defendants from appealing and further delaying the return of case to state court). This case is remanded to the Circuit Court of St. Louis County, Missouri under 28 U.S.C. § 1447(c).[4]

---

[3]I need not, and therefore do not, consider Johnson's alternative arguments in support of remand.

[4]The United States Supreme Court's recent opinion in Kurns v. Railroad Friction Products Corp., -- S. Ct. --, 2012 WL 631857 (Feb. 29, 2012), does not change my decision. In Kurns, the Supreme Court reiterated its previous holding that the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq., preempted "the entire field of regulating locomotive equipment." Id. at *7 (quoting Napier v. Atlantic Coast Line R. Co., 272 U.S. 605, 611 (1926)). Therefore, to decide whether plaintiffs' state law products liability claims were preempted by the LIA, the

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#18] is granted, and this case is remanded to the Circuit Court of St. Louis County, Missouri, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all pending motions are denied as moot.

                                                    _____
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this <u>8th</u> day of March, 2012.

---

Court focused on the type of claim brought, ie., claims directed at the equipment of locomotives, rather than on the identity of the defendant. <u>Id.</u> at 8. In this case, I also examined the nature of plaintiff's claims to decide whether they were preempted by § 301. However, § 301 only preempts claims if they are based on, or dependent upon an analysis of, the CBA. Therefore it is relevant, contrary to defendants' vociferous objections to the contrary, that defendants are not parties to the CBA and that plaintiff is not seeking to enforce any rights or obligations under the CBA. <u>Kurns</u> does not support a finding of preemption in this case.